**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4620

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL CLINT BLANCHER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Lacy H. Thornburg, District Judge. (CR-02-4; CR-03-7)

Submitted: May 31, 2006                    Decided: July 6, 2006

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Kolb, MICHAEL A. KOLB, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Anne M. Tompkins, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samuel Clint Blancher appeals from the 188-month sentence imposed upon his guilty plea to two counts of armed bank robbery, 18 U.S.C. § 2113(a) (2000). Blancher's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but addressing the following potential issues: (1) whether the district court properly complied with Fed. R. Crim. P. 11 in accepting Blancher's guilty plea; (2) whether the district court properly concluded that Blancher qualified for the career offender enhancement, U.S. Sentencing Guidelines Manual § 4B1.1 (2000); and (3) whether the government engaged in prosecutorial misconduct. Blancher has filed a supplemental pro se brief raising the following claims: (1) his plea was not knowing and voluntary because his attorney coerced him into pleading guilty; (2) the calculation of his criminal history points violates the Ex Post Facto clause; (3) his attorney was ineffective; and (4) his sentence violates United States v. Booker, 543 U.S. 220 (2005), because it was enhanced based on judicial factfinding and because of the mandatory nature of the guidelines as applied by the district court. We affirm.

Counsel first addresses whether the district court properly complied with Rule 11 in conducting Blancher's guilty plea

hearing.  Our review of Blancher's guilty plea hearing discloses that the district court fully complied with Rule 11.

Next, counsel challenges Blancher's sentence as a career offender.  Because Blancher did not object in the district court, this court's review is for plain error.  United States v. Harp, 406 F.3d 242, 245 (4th Cir.) (discussing standard), cert. denied, 126 S. Ct. 297 (2005).  In order for Blancher to be designated a career offender, the government had to demonstrate that he was at least eighteen at the time of the instant offense and that he had at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense."  USSG § 4B1.1(a).  We find that the district court properly classified Blancher as a career offender.  He was twenty-eight years old at the time of the instant offense and had at least six prior convictions for violent felonies.  Counsel also addresses whether the government engaged in prosecutorial misconduct.  However, counsel does not identify any evidence of prosecutorial misconduct and our review of the record discloses none.

In his supplemental pro se brief, Blancher first claims that his plea was involuntary because his attorney coerced him into pleading guilty.  A defendant's statements at the Rule 11 hearing are presumed to be true.  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Unsupported allegations on appeal are insufficient to overcome representations at arraignment.  See United States v.

DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (stating that defendant's statement at Rule 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea"); Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements made at plea hearing that facially demonstrate plea's validity are conclusive absent compelling reason why they should not be, such as ineffective assistance of counsel). Under these authorities, Blancher's plea was voluntary. His claim that his attorney coerced him is wholly unsupported and contradicts his representations at his guilty plea hearing.

Next, Blancher asserts that his sentence as a career offender violates the Ex Post Facto clause. However, the use of prior crimes as predicate offenses for purposes of the career offender enhancement does not constitute an ex post facto violation. See California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). Blancher also contends that trial counsel provided ineffective assistance. Claims of ineffective assistance of counsel generally should be asserted on collateral review rather than on direct appeal, unless proof of the claimed ineffective assistance is apparent on the face of the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 U.S. 1407 (2006). Because the record does not support Blancher's claims that counsel was ineffective, we decline to address the claims in

this appeal.

Finally, Blancher challenges his sentence under United States v. Booker. Blancher argues that his prior convictions were used to enhance his sentence but were not proved beyond a reasonable doubt. However, prior convictions are not subject to the Sixth Amendment requirements articulated in Booker. United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005). Nor did the district court commit reversible error in sentencing Blancher under the mandatory guidelines. In United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005), we determined that imposing a sentence under the guidelines as mandatory constitutes plain error. However, a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). Blancher has failed to meet this burden because he does not provide any nonspeculative evidence or argument demonstrating that he would have received a lower sentence had the district court appreciated that the guidelines were not mandatory.

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we grant Blancher's

motion to file a supplemental pro se brief and we affirm Blancher's conviction and sentence. Counsel has moved to withdraw from further representation. We deny the motion at this juncture. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED